UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KRISTINA SAWIKI,

     Petitioner,

v.                                  Case No.  5:16cv32/WTH/CJK

FLORIDA DEPARTMENT OF
CORRECTIONS SECRETARY,

     Respondent.

_____/

<u>REPORT AND RECOMMENDATION</u>

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed an answer, submitting relevant portions of the state court record.  (Doc. 12).  Petitioner replied.  (Doc. 14).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).   After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to habeas relief, and that the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged in March and August 2014, with eight crimes in three Bay County Circuit Court cases.  Petitioner was charged in Case No. 14-CF-539, with trafficking in methamphetamine – 28 grams or more but less than 200 grams (Count I), possession of drug paraphernalia (Count II) and driving while license canceled, suspended or revoked (Count III).  (Doc. 12, Ex. A).[1]  Petitioner was charged in Case No. 14-CF-2185, with possession of methamphetamine (Count I) and possession of drug paraphernalia (Count II).  (Ex. B).  Petitioner was charged in Case Number 14-CF-2655, with possession of a controlled substance (Count I), possession of a new or legend drug without prescription (Count II) and possession of drug paraphernalia (Count III).   (Ex. C).   Petitioner's maximum possible sentences for the charges, combined, totaled just over 43 years in prison.  *See* Fla. Stat. § 893.135(1)(f)1.b.; § 893.147(1)(b); § 322.34(2)(a); § 893.13(6)(a); § 499.03(1); § 775.082 (setting forth statutory maximums); *see also* Ex. F (plea agreement)).  The trafficking charge carried a mandatory minimum sentence of 7 years in prison.  *See* Fla. Stat. § 893.135(1)(f)1.b.

---

[1]References to exhibits are to those provided at Doc. 12.  When a page of an exhibit has more than one page number, the court cites the number appearing at the bottom center of the page.

On October 2, 2014, petitioner, represented by counsel, negotiated a plea agreement whereby the State reduced the trafficking charge to possession of more than 14 grams but less than 28 grams, which reduced petitioner's mandatory minimum sentence from 7 years to 3 years.  *See* Fla. Stat. § 893.135(1)(f)1.a. Petitioner pled no contest to all of the charges (including that lesser trafficking charge) in exchange for a total sentence of 6 years in prison with a 3-year mandatory minimum followed by 2 years on community control followed by 3 years on drug offender probation.  (Ex. F).[2]  The court accepted petitioner's plea, adjudicated her guilty and sentenced her consistent with the plea agreement.   (Ex. F (plea agreement); Ex. G (judgment)).  Petitioner did not appeal her conviction or sentence. (Doc. 1, p. 1).

On October 31, 2014, petitioner filed a motion to reduce or modify her sentence under Florida Rule of Criminal Procedure 3.800(c).  (Ex. K).  The trial court denied the motion on November 21, 2014.  (Ex. L).

On February 23, 2015, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  (Ex. M, pp. 1-10).  The state circuit court denied relief without an evidentiary hearing.  (Ex. M, pp. 35-45).  The

[2] The specific breakdown of this sentence is set forth in the plea agreement (Ex. F), and judgment (Ex. G).

Florida First District Court of Appeal (First DCA) affirmed per curiam without opinion. *Sawiki v. State*, 178 So. 3d 403 (Fla. 1st DCA 2015) (Table) (copy at Ex. P). The mandate issued December 1, 2015. (Ex. S).

Petitioner filed her federal habeas petition on February 1, 2016. (Doc. 1, p. 1). The single claim asserts trial counsel was ineffective when she misadvised petitioner, during consideration of an earlier plea offer, that she would be ineligible for gain time and work release during the mandatory minimum sentence. (Doc. 1). Respondent argues petitioner is not entitled to habeas relief because the state court's rejection of the claim was neither contrary to, nor an unreasonable application of, clearly established federal law. (Doc. 12).

RELEVANT LEGAL PRINCIPLES

<u>Section 2254 Standard of Review</u>

Federal courts are precluded from granting a habeas petition on a claim that was adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's factual determinations are

presumed correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3] Justice O'Connor described the appropriate test:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538

---

[3] Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue.  *See Thaler v. Haynes*, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); *Woods v. Donald*, 575 U.S. —, —, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law.  The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent.  Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases.  *See Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").  Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law.  *See Woods*, 135 S. Ct. at 1377 (holding,

as to claim that counsel was *per se* ineffective in being absent from the courtroom for ten minutes during testimony concerning other defendants: "Because none of our cases confront the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *See Williams*, 529 U.S. at 409; *Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004). In applying this standard, the Supreme Court has emphasized:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a

substitute for ordinary error correction through appeal." *Harrington,
supra,* at 102-103, 131 S. Ct. 770 (internal quotation marks omitted).

*Woods*, 135 S. Ct. at 1376 (*quoting Harrington v. Richter*, 562 U.S. 86, 131 S. Ct.

770, 178 L. Ed. 2d 624 (2011)).  The § 2254(d) standard "is difficult to meet . . .

because it was meant to be." *Richter*, 562 U.S. at 102.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on

the merits in state court where that adjudication "resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding."   28 U.S.C.  §  2254(d)(2).   The "unreasonable

determination of the facts" standard is implicated only to the extent the validity of

the state court's ultimate conclusion is premised on unreasonable fact finding.  *See

Gill v. Mecusker*, 633 F.3d 1272, 1292 (11th Cir. 2011).  As with the "unreasonable

application" clause, the federal court applies an objective test.  *See Miller-El v.

Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that

a state court decision based on a factual determination "will not be overturned on

factual grounds unless objectively unreasonable in light of the evidence presented in

the state court proceeding.").  Federal courts "may not characterize . . . state-court

factual determinations as unreasonable merely because we would have reached a

different conclusion in the first instance." *Brumfield v. Cain*, 576 U.S. —, —, 135

S. Ct. 2269, 2277, 192 L. Ed. 2d 356 (2015) (quotation marks omitted).

Only if the federal habeas court finds that the petitioner satisfied AEDPA and

§ 2254(d), does the court take the final step of conducting an independent review of

the merits of the petitioner's claims.  *See Panetti*, 551 U.S. at 954.  Even then, the

writ will not issue unless the petitioner shows that he is in custody "in violation of

the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).

Clearly Established Federal Law Governing Claims of Ineffective Assistance of
Counsel during Plea Negotiations

"Defendants have a Sixth Amendment right to counsel, a right that extends to

the plea-bargaining process."  *Lafler v. Cooper*, 566 U.S. 156, 162, 132 S. Ct. 1376,

182 L. Ed. 2d 398 (2012) (*citing Missouri v. Frye*, 566 U.S. 133, 132 S. Ct. 1399,

1404, 182 L. Ed. 2d 379 (2012), *and McMann v. Richardson*, 397 U.S. 759, 771, 90

S. Ct. 1441, 25 L. Ed. 2d 763 (1970)).  "If a plea bargain has been offered, a

defendant has the right to effective assistance of counsel in considering whether to

accept it."  *Lafler*, 566 U.S. at 168.

The two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104

S. Ct. 2052, 80 L. Ed. 2d 674 (1984), applies to claims that counsel was ineffective

during plea negotiations.  *Lafler*, 566 U.S. at 162-63 (applying *Strickland*'s two-part

test to federal habeas petitioner's claim that counsel was ineffective for advising him

to reject a plea offer); *Frye*, 566 U.S. at 138, 147-51 (applying *Strickland*'s two-part

test to federal habeas petitioner's claim that counsel was ineffective for failing to

communicate a prosecution plea offer before it lapsed); *Hill v. Lockhart*, 474 U.S.

52, 48, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (applying *Strickland*'s two-part test

to defendant's challenge to his guilty plea based on ineffective assistance of

counsel).  The petitioner must establish that: (1) "counsel's representation fell below

an objective standard of reasonableness," and (2) "there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Strickland*, 466 U.S. at 694.

  *Strickland*'s performance prong asks "whether counsel's advice 'was within

the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S.

at 56-57 (*quoting McMann*, 397 U.S. at 771).  Trial counsel is "strongly presumed

to have rendered adequate assistance and made all significant decisions in the

exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  The

burden to overcome that presumption and to show that counsel's performance was

deficient "rests squarely on the defendant." *Burt v. Titlow*, 571 U.S. —, 134 S. Ct.

10, 17, 187 L. Ed. 2d 348 (2013).

  "To show prejudice from ineffective assistance of counsel where a plea offer

has lapsed or been rejected because of counsel's deficient performance, defendants

must demonstrate a reasonable probability they would have accepted the earlier plea

offer had they been afforded effective assistance of counsel." *Frye*, 566 U.S. at 132.

Defendants must then "complete [their] showing of *Strickland* prejudice" by demonstrating both "a reasonable probability the [earlier] plea would have been entered without the prosecution canceling it or the trial court refusing to accept it," and "a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Frye*, 566 U.S. at 147 (*citing Glover v. United States*, 531 U.S. 198, 203, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001) ("[A]ny amount of [additional] jail time has Sixth Amendment significance")); *see also Lafler*, 566 U.S. at 164 (holding that to establish prejudice where ineffective advice led to a plea offer's rejection, "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.").

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under §

2254(d) is all the more difficult." *Richter*, 562 U.S. at 105. As the Court in *Richter* explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Id.* at 105 (citations omitted).

## DISCUSSION

Petitioner's Claim     "Violation of Petitioner's 6th Amendment Right to Effective Counsel for Misadvice Concerning a Plea Offer." (Doc. 1, p. 5).

Petitioner alleges she received an earlier plea offer from the State, which she allowed to lapse. Petitioner describes the offer as "a plea bargain for a 7 year minimum mandatory sentence in the Florida Department of Corrections." (Doc. 1, p. 15 in ECF). According to petitioner, she asked counsel about her gain time eligibility under the offer, and counsel advised her "she would not receive gain time, and that she would not be eligible for work release." (*Id.*). Petitioner alleges counsel confirmed, both in person and in writing, that petitioner "would do exactly 7 years **without** the possibility of gain time or early release". (*Id.*). One month later, the

State offered petitioner the plea deal she ultimately accepted of 6 years in prison with a 3-year mandatory minimum, followed by 2 years' community control followed by 3 years' drug offender probation. (*Id*.). Petitioner later learned in prison that trafficking mandatory minimum sentences are eligible for up to 10 days per month of gain time, and are also eligible for work release programs. (*Id*.). Petitioner states that "had she been advised properly advised [sic] concerning the 7 year min. man sentence and her gain time eligibility she would have accepted that offer." (*Id*.). Petitioner explains why she believes the 7-year offer was more favorable than the one she accepted:

> Even though the six (6) year plea offer translates to roughly an eight (8) months difference in time served from the seven (7) years plea deal it still translates to a more repressive sentence. The six (6) year deal has a greater possibility of failure because of the added terms of supervision (two (2) years community control followed by three (3) years probation). This limits the Petitioner's ability to completely integrate back into society due to an additional five (5) years of supervision. The extended terms of supervision would inflict tremendous stress on the average individual being released from Department of Corrections yet for someone with a history of substance abuse such as the Petitioner this additional stress would prove disastrous and detrimental to her sobriety and freedom. . . . [T]he petitioner is able to show an actual prejudice by the promises made by counsel causing her to accept a plea that has five (5) years of additional supervision for a total of eleven (11) years under the Department of Corrections.

(Doc. 1, pp. 15-16; Doc. 14).

Petitioner presented this claim to the state courts in her Rule 3.850 proceeding. (Ex. M). The state circuit court denied relief without evidentiary hearing. The court identified, as the controlling legal standard, *Alcorn v. State*, 121 So. 3d 419 (Fla. 2013), which, in turn, confirmed that the *Strickland* standard, as clarified in *Frye* and *Lafler*, governs ineffective assistance of counsel claims where counsel's alleged deficient performance leads to the non-acceptance of a plea offer. (Ex. M, p. 36; *see also Alcorn*, 121 So. 3d at 425-430). The circuit court denied relief as follows:

> To establish ineffective assistance of counsel, the Defendant states that counsel told her in person and by letter that she would not be entitled to gain time or work release during the 7 year mandatory minimum sentence of trafficking in methamphetamine. The drug trafficking statute provides that "[a] person sentenced to a mandatory minimum term of imprisonment under this section is not eligible for any form of discretionary early release, except pardon or executive clemency or conditional medical release under s. 947.149, prior to serving the mandatory minimum term of imprisonment." *See* § 893.135(3), Fla. Stat. (2014). However, drug trafficking mandatory minimums are still eligible for incentive gain time, because incentive gain time is not a form of discretionary early release. *See Mastay v. McDonough*, 928 So. 2d 512 (Fla. 1st DCA 2006). The State points out that the attached letter from the Defendant's attorney states that if the Defendant was convicted of the trafficking charge, she would "receive no less than seven (7) years **without** the possibility of early release." The State argues that this advice is not necessarily contradictory to the statute, which specifically states that trafficking mandatory minimums are not eligible for discretionary early release, and does not mention gain time. However, the State does concede that this letter does not refute the Defendant's allegation that her attorney told her in person that she would not receive gain time. Nonetheless, an evidentiary hearing is not needed on this issue because the Defendant cannot prove prejudice.

In this case, the Defendant cannot demonstrate the fourth prong of *Alcorn*, that "the conviction or sentence, or both under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." 121 So. 3d at 430. The alleged rejected offer was a plea to trafficking in Methamphetamine of 28 Grams or More (in addition to the remaining charges) and a seven (7) year mandatory minimum prison sentence. The Defendant ultimately entered a plea to a reduced charge of trafficking in Methamphetamine over 14 Grams but less than 28 Grams (with the remaining charges staying the same) and received a six (6) year prison sentence with a three (3) year mandatory minimum followed by community control and probation. The trafficking charge was reduced, and the prison sentence was less than the sentence she alleges that she would have accepted. The Defendant claims that she would have rather served additional prison time instead of being on supervision upon her release from prison. However, under *Missouri v. Frye*, one of the United States Supreme Court cases upon which *Alcorn* was based, the Court indicated that "[t]o establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to *a lesser charge* or a sentence of *less prison time*." 132 S. Ct. at 1409 (emphasis added). The Florida Supreme Court in *Alcorn* also quoted this specific language when it adopted the standard for prejudice espoused by the United States Supreme Court. 121 So. 3d at 430, 432. In the instant case, the Defendant pled to a lesser charge and received a sentence that includes less prison time than the original plea offer. Based upon the precedent of the United States and Florida Supreme Courts, the Defendant has failed to demonstrate that she was prejudiced, since she actually accepted a more favorable plea offer than the one that she allegedly rejected due to her attorney's misadvice. Accordingly, her motion is due to be denied.

(Ex. M, pp. 36-37) (alternation in original). The First DCA summarily affirmed.

(Ex. P).

The relevant decision for purposes of 28 U.S.C. § 2254 is the First DCA's summary affirmance, which is the final state court adjudication on the merits of petitioner's claim.  *See Richter*, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."); *Wilson v. Warden, Ga. Diagnostic Prison*, 834 F.3d 1227, 1235 (11th Cir. 2016) (defining the relevant decision for purposes of § 2254 review as the state appellate court's summary affirmance of the lower tribunal's decision), *cert. granted*, No. 16-6855, 2017 WL 737820 (U.S. Feb. 27, 2017).  Where, as here, "the last adjudication on the merits provides no reasoned opinion, federal courts review that decision using the test announced in *Richter*."  *Wilson*, 834 F.3d at 1235.  The *Richter* test provides that "[w]here a state court's decision is unaccompanied by an explanation," a petitioner's burden under section 2254(d) is to "show[ ] there was no reasonable basis for the state court to deny relief."  *Richter,* 562 U.S. at 98.  "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court."  *Id.* at 102.

The First DCA reasonably could have concluded, after applying *Strickland*, *Frye* and *Lafler*, that petitioner failed to establish the result of the criminal process would have been more favorable to her under the earlier plea offer.  A conviction under the earlier plea offer would have been to a <u>greater</u> charge, and the sentence under that offer would have been to <u>more</u> prison time and a <u>longer</u> mandatory minimum than under the judgment and sentence actually imposed.  Petitioner argues this analysis unreasonably applies *Strickland* and *Frye*, because it fails to weigh corresponding periods of prison time and post-release supervision time equally in terms of severity.  (*See* Doc. 14, p. 4 (arguing that "although she may have served more time in prison on the 7 year sentence, the cumulative sentence that she received is less severe because the 6 years prison sentence followed by 2 years community control, and 3 years drug offender probation, translates into an 11 year sentence under the supervision of the Florida Department of Corrections.  Ms. Sawiki argues that it does not matter whether the time served was in state prison, house arrest, or probation combined.")).   Fairminded jurists could disagree, however, whether *Strickland*'s prejudice prong is satisfied when the petitioner's non-acceptance of an earlier offer results in her conviction of a lesser charge and a sentence of less prison time but greater post-release supervision time.  "Because it is not clear that the [First DCA] erred at all, much less erred so transparently that no fairminded jurist could

agree with that court's decision," *Bobby v. Dixon*, 565 U.S. 23, 24, 132 S. Ct. 26, 181 L. Ed. 2d 328 (2011), this court should deny federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. at 336 (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774, 197 L. Ed. 2d 1 (2017) (*quoting Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus (doc. 1), challenging the judgment and sentence in *State of Florida v. Kristina Marie Sawiki*, Bay County Circuit Court Case Nos. 14-CF-539, 14-CF-2185 and 14-CF-2655, be DENIED.

2.  That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 18th day of October, 2017.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.